United States District Court
Southern District of Texas
**ENTERED**
September 19, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEVERLY BARNETT,<br>　　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:21-cv-1591 |
| KIA MOTORS AMERICA, INC., ET AL.,<br>　　*Defendants.* | §<br>§<br>§ | |

## MEMORANDUM ORDER AND RECOMMENDATION

Plaintiff Beverly Barnett is appearing pro se in this vehicle crashworthiness product liability case. Defendant Kia America, Inc.'s Motion for Summary Judgment is currently pending. ECF 29.[1]  In response, Plaintiff has filed a series of motions for continuance or extension of time. *See* ECF 30, 32, 36, 38, 39, 40.  For the reasons discussed below, the Court recommends that Plaintiff's motions be denied and Defendant's Motion for Summary Judgment be granted.

**I.　　Factual and Procedural Background**

Plaintiff filed her Original Petition in state court on March 28, 2021 alleging she was injured on March 30, 2019 when the 2010 Kia Soul she was driving was hit by a pickup truck making an illegal turn. ECF 1-2.  Plaintiff alleges the Kia's seatbelt failed to restrain her and the airbag failed to deploy properly. *Id.*  Kia removed the case to this federal court. ECF 1.

The Court issued a Docket Control Order on July 27, 2021 setting Plaintiff's expert designation deadline on February 18, 2022. ECF 12.  Plaintiff timely designated several treating physicians but did not designate a product liability expert. ECF 13.  Also on February 18, 2022, the Court granted the motion of Plaintiff's counsel to withdraw from the case. ECF 15.

---

[1] The District Court referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 17.

Due to her pro se status, the Court granted Plaintiff's Motion to Modify the Docket Control Order, extending Plaintiff's time to designate a liability expert until June 24, 2022.  ECF 26.  Plaintiff was ordered to file a status report on or before April 25, 2022 regarding her efforts to retain new counsel and was "cautioned that if she is unable to engage new counsel, she will be required to proceed pro se and must meet the deadlines in the Amended Docket Control Order."  ECF 25.  On April 25, 2022, Plaintiff advised the Court that she had met with two attorneys that declined to take her case and her quest to find an attorney was ongoing.  ECF 27.  On June 24, 2022, Plaintiff designated medical and dental experts but did not designate a product liability expert.  ECF 28.  Defendant filed its Motion for Summary Judgment on July 12, 2022 arguing that Plaintiff cannot meet her burden of proof on her product liability claims without expert testimony.  ECF 29.

## II.    Plaintiff's Motions for Continuance

Initially in response to Defendant' Motion for Summary Judgment, Plaintiff filed a "Motion to Object," "Motion for Continuance," and "Motion for Extension of Time."  ECF 30.  The Court denied Plaintiff's motions for more time, explaining that Plaintiff has been given plenty of time to find an attorney and conduct discovery; has been cautioned about the need to follow court rules despite proceeding pro se; never sought leave to designate an expert out of time; and never sought a continuance of the motion for summary judgment under Rule 56(d).  ECF 35.  However, the Court granted Plaintiff until August 19, 2022 to file any evidence she had to counter Kia's Motion.  *Id.*

Plaintiff has filed four additional motions for continuance or extensions of time.  ECF 36, 38, 39, 40.  She has for the first time expressly moved for a continuance in order to conduct more discovery and for an extension of time to designate a liability expert.  Apparently, she has filed an

open records request for body camera footage from police officers at the accident scene and requests additional time "so that my liability expert has sufficient time to analyze the situation." ECF 36 at 1, 4. While the quoted statement could be read as indicating Plaintiff has retained an expert but needs time to obtain the body camera footage, her latest filing confirms that she has not engaged a product liability expert.

When deciding whether there is good cause to extend a deadline under Federal Rule of Civil Procedure 16(b)(4) the Court considers: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Springboards To Educ., Inc. v. Houston Indep. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019), as revised (Jan. 29, 2019), as revised (Feb. 14, 2019) (alterations in original); *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (holding district court abused its discretion by excluding late-designated witnesses). Plaintiff has no explanation other than her pro se status for the failure to comply with the expert designation deadlines. Plaintiff has been aware of the need for an expert for months. Plaintiff has not identified any product liability expert who will provide an expert opinion if given more time to do so. The Court recognizes the importance of an expert to Plaintiff's case, but Plaintiff's pro se status does not relieve her of the obligation to follow rules and meet her obligations. Absent justification under the Federal Rules of Civil Procedure, the Court cannot continue the motion for summary judgment indefinitely. Therefore, the Court denies Plaintiff's motions for more time.

### III.    Summary Judgment Standards

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party moving

for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.*, 290 F.3d 303, 310 (5th Cir. 2002). If the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and must present evidence such as affidavits, depositions, answers to interrogatories, and admissions on file to show "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The court construes the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *R.L. Inv. Prop., LLC v. Hamm*, 715 F.3d 145, 149 (5th Cir. 2013). In ruling on a motion for summary judgment the Court does not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence." *Honore v. Douglas,* 833 F.2d 565, 567 (5th Cir. 1987). However, "[c]onclu[sory] allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citation omitted).

**IV.     Plaintiff Cannot Meet Her Burden of Proof Under Texas Product Liability Law**

Plaintiff's Amended Original Petition, her operative pleading, does not specify the theory of product liability she is pursuing in this case.[2] *See* ECF 29 at 13-14. However, both strict liability and negligence theories of product liability require proof of the existence of a defect. *Herbst v. Deere & Co.*, No. 3:21-CV-44, 2021 WL 5567379, at *1 (S.D. Tex. Nov. 29, 2021). "Strict

---

[2] "Under Texas law, a plaintiff can recover in a products liability action under three theories: (1) strict liability; (2) negligence; and (3) breach of warranty." *Romo v. Ford Motor Co.*, 798 F. Supp. 2d 798, 805 (S.D. Tex. 2011).

4

liability looks at the product itself and determines if it is defective. Negligence looks at the acts of the manufacturer and determines if it exercised ordinary care in design and production [of the product]." *Romo v. Ford Motor Co.*, 798 F. Supp. 798, 807 (S.D. Tex. 2011) (quoting *Syrie v. Knoll Intern.*, 748 F,2d 304, 307 (5th Cir. 1984). For current purposes, it is not necessary to determine Plaintiff's particular theory of liability because "Texas courts have explained that 'where the allegations and evidence are directed to whether the product is 'unreasonably dangerous' and no other potentially negligent conduct is alleged or the subject of evidence,' the negligence theories are subsumed by the strict liability theories asserted." *Id.* at 807-08 (quoting *Garrett v. Hamilton Stand. Controls, Inc.*, 850 F.2d 253, 257 (5th Cir. 1988)).

Plaintiff's Amended Original Petition also does not specify the type of product defects alleged to have caused her injuries. *See* ECF 29 at 13-14. Under Texas law, a product liability case can be based on defects in marketing, design, and/or manufacturing. *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006). For current purposes, it is not necessary to determine the particular type of defect Plaintiff alleges because Plaintiff has presented no competent evidence of any product defect.

The fact that a product failed or malfunctioned, standing alone, is generally insufficient proof of a product defect in a product liability case. *See Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 807 (Tex. 2006) (holding that "[t]he inference of defect may not be drawn ... from the mere fact of a product-related accident."). The Texas Supreme Court has "consistently required expert testimony and objective proof to support a jury finding that a product defect caused the plaintiff's condition." *Gharda v. Control Solutions, Inc.*, 464 S.W.3d 338, 348 (Tex. 2015); *see also*, *Nissan Motor Co Ltd. v. Armstrong*, 145 S.W.3d 131, 137 (Tex. 2004) (holding that the requirements for "competent expert testimony and objective proof" of a defect and causation are

not peculiar to unintended vehicle acceleration cases); *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 42-43 (Tex. 2007) ("If juries were free to infer a product defect and causation from an accident or product failure alone . . . expert testimony would hardly seem essential.  Yet we have repeatedly said otherwise."); *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582-83 (Tex. 2006) (expert testimony required to prove that a defect caused a fuel leak, and that the fuel leak caused by the defect ignited the fire, because these determinations are beyond laypersons' general experience and common understanding).

Plaintiff has neither designated a product liability expert nor presented any expert testimony regarding product defects in the Kia airbag or seat belt.  Thus, Plaintiff has failed to present competent evidence on a necessary element of her products liability and/or negligence claims under Texas law.  *See Nissan Motor Co., Ltd.*, 145 S.W.3d at 137 ("a specific defect must be identified by competent evidence and other possible causes must be ruled out.").  Plaintiff represents that she has "documentation regarding the black box during the incident that . . . clearly depicts that the airbag did deploy but . . . malfunctioned due to a low battery voltage."  ECF 36 at 2.  Plaintiff's reference to the "black box" evidence apparently relates to a screen shot dated October 14, 2021 with "Fault Code Searching" written at the top that indicates that at some point prior to October 14, 2021 the airbag system status was "Battery Voltage Low."  ECF 36 at 6.  First, the accident at issue in this case occurred on March 30, 2019.  More importantly, Plaintiff herself is not competent to testify about the meaning of the diagnostic code, whether the battery voltage impacted the performance of the airbag on March 30, 2019, and whether any battery low voltage on March 30, 2019 resulted from a product defect.  Whether the "low voltage" incident reflected in the screen shot affected the performance of the airbag on March 30, 2019 and resulted from a product defect is beyond the scope of a lay person's knowledge and requires expert testimony.  *See*

6

*Martinez v. Medical Depot, Inc.*, 434 F. Supp. 3d 537, 556-59 (finding that alleged defect in design of wheelchair armrest was beyond juror's common understanding and required expert testimony). Due to the absence of expert testimony regarding the existence of a product defect in the Kia airbag or seat belt that caused Plaintiff's injuries, Defendant's Motion for Summary Judgment should be granted and this case should be dismissed with prejudice.

## V.     Conclusion, Order, and Recommendation

For the reasons discussed above, the Court ORDERS that Plaintiff's Motions for Continuance and Extension of Time (ECF 36, 38, 39, 40) are DENIED. The Court RECOMMENDS that Defendant's Motion for Summary Judgment (ECF 29) be GRANTED, and this case be DISMISSED WITH PREJUDICE.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on September 19, 2022, at Houston, Texas.

*Christina A. Bryan*
Christina A. Bryan
United States Magistrate Judge